IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IBRAHIM Z. ABDULLAH,

        Plaintiff,                    No. CIV S-06-2378 MCE KJM P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.              ORDER

/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $5.46 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

<sub>
</sub><sup>
</sup><sub>
</sub><sup>
</sup>

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in
11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.
14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

1  Plaintiff alleges that on several occasions, he was given a medication which
2 caused an allergic response, which in turn led to his developing priapism.  He claims that he has
3 been given similar medications on subsequent occasions.  Plaintiff asserts that an outside doctor
4 prescribed treatment for this condition, but "this institution" has discontinued the treatment.  He
5 also alleges that he has sickle cell trait, but has not been treated adequately for this condition.

6  Plaintiff has named only two individuals, Dr. Peterson, who does not appear to be
7 a defendant, and Nurse Cunningham, who refused to give him prescribed oxygen treatment.  The
8 other listed defendants are simply the Department of Corrections and the three prisons at which
9 he was housed.  The Eleventh Amendment prohibits lawsuits for damages against a state or its
10 agencies in federal court.  Air Transport Ass'n of America v. Public Utilities Comm'n, 833 F.2d
11 200, 203-04 (9th Cir. 1987).

12  Plaintiff will be given an opportunity to amend his complaint, to name individuals
13 he alleges are responsible for the claimed deficiencies in his medical treatment.  When amending
14 the complaint, plaintiff must connect the named defendants clearly with the claimed denial of his
15 rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate
16 indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v.
17 List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a
18 showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat
19 superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978)
20 (discussing "requisite causal connection" in section 1983 cases between named defendant and
21 claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525
22 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an
23 individual was personally involved in the deprivation of his civil rights.").  There can be no
24 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
25 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
26 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

1 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
2 violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5 amended complaint be complete in itself without reference to any prior pleading.  This is
6 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9 original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.

11         In accordance with the above, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 Plaintiff is assessed an initial partial filing fee of $5.46.  All fees shall be collected and paid in
15 accordance with this court's order to the Director of the California Department of Corrections
16 and Rehabilitation filed concurrently herewith.

17         3.  Plaintiff's complaint is dismissed.

18         4.  Plaintiff is granted thirty days from the date of service of this order to file an
19 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
20 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
21 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
22 an original and two copies of the amended complaint; failure to file an amended complaint in
23 accordance with this order will result in a recommendation that this action be dismissed.
24 /////
25 /////
26 /////

4

1       5. The Clerk of the Court is directed to send plaintiff a form for a civil rights
2 action by a prisoner.
3 DATED: April 9, 2007.

_____
U.S. MAGISTRATE JUDGE

2
abdu2378.14