IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IBRAHIM ABDULLAH,

      Plaintiff,                   No. CIV S 06-2378-MCE-KJM P

    vs.

CDC, et al.,

      Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In the original complaint, filed initially in the Northern District of California on October 11, 2006, plaintiff claims he was refused medical treatment by various defendants. The case was transferred to this district on October 27, 2006. On May 8, 2008, plaintiff filed an amended complaint naming only Cunningham as a defendant.

        Defendant Cunningham has filed a motion to dismiss, arguing that plaintiff has failed to exhaust his administrative remedies. Plaintiff has filed an opposition to the motion, and defendant has filed a reply. In addition, plaintiff has filed a document entitled "Plaintiff's Second Motion In Support of Opposition To Defendant's Motion To Dismiss."

I.    <u>Allegations</u>

        Plaintiff contends that Defendant Cunningham, a nurse at CSP-Sacramento (CSPS), failed to treat his medical condition of priapism. Amended Complaint (Am. Compl.), ¶ IV. He alleges that defendant refused to provide him oxygen therapy or pain medication and

1

1 would not allow him to see a doctor. Id. He further alleges that when he tried to visit the
2 medical facility, defendant would have correctional officers escort plaintiff back to his cell. Id.

3 II.     The Requirements of Exhaustion of Administrative Remedies

4        The Prison Litigation Reform Act (PLRA) provides that "no action shall be
5 brought with respect to prison conditions under section 1983 of this title, . . . until such
6 administrative remedies are exhausted." 42 U.S.C. § 1997e(a). To fulfill the exhaustion
7 requirement, a grievance must have made prison officials aware of the claims a plaintiff has
8 included within the complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of
9 exhaustion requirement is to give officials "time and opportunity to address complaints
10 internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205,
11 1209 (11th Cir. 2000) (§ 1997e(a) requires that a prisoner provide as much relevant information
12 as he reasonably can in the administrative grievance process).

13       The PLRA mandates proper exhaustion as a prerequisite to a legal action. Booth
14 v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion demands compliance with an
15 agency's deadlines and other critical rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). "The
16 administrative process itself would filter out some frivolous claims and foster better-prepared
17 litigation once a dispute did move to the courtroom even absent of factfinding." Booth,
18 532 U.S. at 737. "'Such administrative remedies as are available' naturally requires a prisoner
19 to exhaust the grievance procedures offered, whether or not the possible responses cover the
20 specific relief the prisoner demands." Id. at 738 (citation omitted).

21       California prison regulations provide administrative procedures in the form of
22 one informal and three formal levels of review to address an inmate's claims. See Cal. Code
23 Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a
24 plaintiff has received a "Director's Level Decision," or third level review, with respect to his
25 issues or claims. Cal. Code Regs. tit. 15, § 3084.5. The grievance process must be completed
26 before the inmate files suit; exhaustion during the pendency of the litigation will not save an
27 action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).
28 /////

1    A motion to dismiss for failure to exhaust administrative remedies prior to filing
suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune,
315 F.3d 1108, 1119 (9th Cir. 2003). Defendant bears the burden of proving plaintiff's failure
to exhaust. Id. at 1119. In deciding a motion for a failure to exhaust nonjudicial remedies, the
court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the
court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is
dismissal of the claim without prejudice. Id. at 1120.

III.   Plaintiff's Use of The Grievance Process

Plaintiff filed his inmate appeal, identified as SAC 03-01592, on May 5, 2003. Am. Compl., Exhibit A at 14.[1] The Inmate Appeals Branch subsequently asked plaintiff to provide more specific information, which he did on May 29, 2003. In that addendum to his appeal, plaintiff complained that "the medical staff... have refused to treat me." Id. at 15. He claimed that Nurse Cunningham acted contrary to her job description and did not perform her duties in a manner consistent with the California Penal Code and says that he was "threatened at the clinic." Id. Plaintiff also stated he was suffering from physical pain and mental anguish as a result of the alleged lack of medical treatment. Id.

According to the declaration of R. Carter, the appeals coordinator at CSPS, plaintiff's appeal was partially granted on August 18, 2003. Mot., Exhibit B, ¶ 5. However, the record does not contain documentation of the partial grant, nor does defendant's motion explain the grounds for the partial grant or the relief, if any, that plaintiff received. Defendant does submit a declaration from N. Grannis, the current Chief of the CDCR Inmate Appeals Branch, that "[t]here is no record that [plaintiff's] appeal was ever received at the Director's level." Mot., Exhibit A, ¶ 9. Grannis concludes for this reason alone that the appeal "was not exhausted." Id.

Plaintiff claims he did exhaust all available administrative remedies and that defendant has not met her burden of proving a failure to exhaust. He states, in an undated typed

---

[1] Page references are to those assigned by the court's CM/ECF system.

3

copy of a complaint he attaches as an exhibit to the amended complaint of record, that he "filed an inmate appeal regarding this matter and it was subsequently denied at each level." Am. Compl., Exhibit A at 16-22. However, in his opposition, plaintiff does not dispute that his appeal was partially granted at the intermediate level. Opp'n at 2-5.[2]

Relying on the Supreme Court's decision in Booth, the Ninth Circuit has held that in a scenario with at least some similarities to the one posed here, where the administrative appeals process results in a partial grant without the prisoner pursuing the process to its final level, the prisoner has exhausted all available remedies. See Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005). In Brown, the inmate filed a grievance claiming that defendant had improperly used pepper spray against him. The grievance was denied at the first level, but the second level decision was partially granted because the incident was referred to the Office of Internal Affairs for an investigation into staff misconduct. Id. at 931. The second level decision also informed Brown that monetary compensation was "beyond the scope of the appeals process." Id. Brown did not seek a Director's Level review.

The Ninth Circuit found that Brown had exhausted all available remedies even though he did not seek a Director's Level determination. After Brown's appeal was partially

/////

/////

/////

---

[2] In his opposition, plaintiff appears to argue he was relieved of the need to further exhaust because money damages are not available through the grievance process, perhaps implying that the only relief he continued to seek after the partial grant was monetary. While under Booth, 532 U.S. at 741, the inability to collect money damages does not automatically relieve plaintiff of the obligation to exhaust administrative remedies to the extent they are available, it is still defendant who bears the burden of establishing plaintiff's failure to exhaust available remedies. The court's determination of whether this burden is met often follows a fact-intensive inquiry.

Plaintiff also has filed a "second opposition," without good cause, given that defendant has raised no new issues in the reply; plaintiff did not seek leave to file the second document. See Docket No. 35. It will be disregarded.

1  granted at the second level and he was informed he would not learn if any disciplinary action
2  against defendant was necessary, no further remedies were available.  The court said:

> We conclude, as have . . . other circuits, that a prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available.
> . . .
> . . .
> Once there is no further possibility that corrective action will be taken in response to an inmates' grievance, there is no hope that the inmate might be satisfied by relief other than that requested.

Id. at 935-36 (internal citation, quotation omitted).

In this case, defendant has not provided the second level decision showing what relief was granted.  The court therefore cannot determine whether plaintiff was able to "press on to exhaust further levels of review" or whether "there [was] no further possibility that corrective action [would] be taken."  Id.  Defendant also has not shown what information was provided plaintiff, if any, about whether further relief remained available or whether any aspect of his grievance was beyond the scope of the appeals process.  Accordingly, defendant has not borne her burden of showing that administrative remedies remained available to plaintiff after the partial grant of his appeal.

IV.  Injunctive Relief

Defendant also argues she should be dismissed because plaintiff appears to be a member of the class covered by the case of Plata v. Schwarzenegger, Case No. C01-1351 (N.D. Cal.), and that in any event she does not have the authority to provide the injunctive relief plaintiff seeks.  Defendant's cursory arguments are not sufficient to support dismissal.

Accordingly, IT IS HEREBY ORDERED that plaintiff's second opposition (docket no. 35) is disregarded.

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be denied.

/////

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
6 objections shall be served and filed within ten days after service of the objections.  The parties
7 are advised that failure to file objections within the specified time may waive the right to appeal
8 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED:  September 2, 2009.

_____
U.S. MAGISTRATE JUDGE

28   abdullah